United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARON OLINER, as Chapter 11 Trustee of the Kontrabecki Group LP, and LEHMAN BROTHERS HOLDINGS INC.,

Plaintiffs and Appellees,

v.

JOHN KONTRABECKI,

Defendant and Appellant.
_______________________________________/

No. Misc 04-00010 CRB

**ORDER DENYING REQUEST TO SEAL THE RECORD**

The Court has duly considered Aron Oliner, as Chapter 11 Trustee of the Kontrabecki Group LP, Lehman Brothers Holdings Inc., and John Kontrabecki's Joint Request to Seal the Record in this action. The record at issue relates to an appeal of a decision of the United States Bankruptcy Court for the Northern District of California. This Court dismissed the appeal on the basis that the Bankruptcy Court's order was interlocutory, and therefore this Court lacked jurisdiction. The Bankruptcy Court later vacated its decision along with several of its other rulings pursuant to a settlement between the parties.

"The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1182 (9th Cir. 2006).

**United States District Court**
For the Northern District of California

Two standards generally govern motions to seal documents like the one at issue here.[1] First, a "compelling reasons" standard applies to most judicial records. See Kamakana, 447 F.3d at 1178 (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard"); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (internal quotation marks and citations omitted).

Second, a different standard applies to "private materials unearthed during discovery," as such documents are not part of the judicial record. Id. at 1180. Rule 26(c) of the Federal Rules of Civil Procedure governs here, providing that a trial court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. The cognizable public interest in judicial records that underlies the "compelling reasons" standard does not exist for documents produced between private litigants. See Kamakana, 447 F.3d at 1180 (holding that "[d]ifferent interests are at stake with the right of

---

[1] A third standard covers the "narrow range of documents" such as "grand jury transcripts" and certain "warrant materials" that "traditionally [have] been kept secret for important policy reasons." Kamakana, 447 F.3d at 1178 (citation and internal quotation marks omitted). No party asserts that this third standard is relevant here.

United States District Court
For the Northern District of California

access than with Rule 26(c)"); Foltz, 331 F.3d at 1134 ("When discovery material is filed with the court . . . its status changes.").

In Phillips, the Ninth Circuit held that "good cause" is also the proper standard when a party seeks access to previously sealed discovery attached to a non-dispositive motion. 307 F.3d at 1213 ("when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted"). Non-dispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,'" and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. Kamakana, 447 F.3d at 1179. In light of the weaker public interest in non-dispositive materials, the Court applies the "good cause" standard when parties wish to keep them under seal.

Here, the parties wish to seal the entire record of the appeal. Rule 26(c) does not govern this request because the record of the appeal does not constitute "private materials unearthed during discovery" but rather, materials that have become part of the judicial record. Kamakana, 447 F.3d at 1180. They are, in fact, the entire judicial record.

The parties argue that the documents fall within the Phillips exception to the general presumption of access because they argue the Court's order was non-dispositive. Mot. at 3; see Foltz, 331 F.3d at 1135 (holding that the Phillips exception is "expressly limited to the status of materials . . . attached to a non-dispositive motion") (emphasis in original). The parties argue that since this Court's order found the orders from which Kontrabecki appealed to be interlocutory, the orders appealed from were thus non-dispositive of the case. Thus, the parties argue, this Court's order denying Kontrabecki leave to appeal and dismissing the appeal for lack of jurisdiction was also non-dispositive.

The Court disagrees. The cases addressing the use of the "good cause" standard deal with the attachment of previously-sealed documents to non-dispositive motions. See, e.g., Phillips, 307 F.3d at 1213 ("when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted") (emphasis added).

United States District Court
For the Northern District of California

First, the parties are not requesting the sealing of documents that were produced by private parties during discovery. They are requesting the sealing of the entire court record itself. Second, they are not requesting the sealing of documents that they state were previously sealed. The parties do not state that the documents they wish to seal were governed by a protective order or previously sealed. Third, they are not requesting the sealing of documents attached to a non-dispositive motion. The parties are requesting the sealing of the court record itself, including motions and the opinion of this Court. Fourth, as the district court order disposed of the appeal, it is rather disingenuous to characterize it as a "non-dispositive order." Thus, the "good cause" standard does not apply here.

Accordingly, the Court applies the "compelling reasons" standard. In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. Id. at 1179. A party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (internal quotation marks and citations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

The parties have not addressed, and thus, have not met this standard. The parties conclusory statements, aimed at the "good cause standard," regarding embarrassment, incrimination and undue burden are unavailing. See Mot. at 3 (arguing sealing the record necessary to protect Kontrabecki from "embarrassment," the record "constitutes annoyance," and is an "undue burden, as it inhibits his pursuit of his professional and business endeavors"). While the Court appreciates the record may lead to some embarrassment or annoyance, this matter was the subject of multiple press accounts at the time, and has become a matter of the public record. The parties have provided no specific factual findings demonstrating the likelihood that the continued existence of the record – which is and has

been public since 2004 – would be used to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

A strong presumption in favor of access is the starting point of our analysis. Kamakana, 447 F.3d at 1178. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. Id. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. Id. The parties here have not articulated any compelling reasons supported by specific factual findings. Their broad statements regarding general embarrassment are insufficient. Accordingly, the joint request to seal the record is DENIED.

**IT IS SO ORDERED.**

Dated: December 19, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE